IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, #217943,<br><br>                    Plaintiff,<br><br>vs.<br><br>State/Federal of South Carolina,<br><br>                    Defendant. | C/A No. 0:09-912-MBS-PJG<br><br>**REPORT AND RECOMMENDATION** |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Clifton Singletary, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as the sole defendant "State/Federal of South Carolina."[1] The allegations of the Complaint appear to relate to Plaintiff's state criminal proceedings. Plaintiff seeks monetary damages in the amount of $600,000.00. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff has named "State/Federal of South Carolina" as the defendant in the Complaint. To the extent that Plaintiff is attempting to sue the State of South Carolina in this § 1983 action, the State is immune from suit pursuant to the Eleventh Amendment to the United States Constitution for monetary damages in federal court. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (absent waiver of Eleventh Amendment immunity, neither a state nor agencies acting under its control may

be subject to suit in federal court). The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina. It provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Although the express language of the Eleventh Amendment only forbids suits by citizens of other States against a State, the Eleventh Amendment bars suits against a State filed by its own citizens as well. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). Further, a State must expressly consent to suit in a federal district court. Id. at 99 & n.9. The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. Id. at 121. Additionally, the State is not a "person" for purposes of suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Thus, Plaintiff fails to state a claim upon which relief may be granted in his § 1983 complaint.

Even if Plaintiff were to amend his Complaint to name a defendant that is a person subject to suit under § 1983, he still could not prevail in this lawsuit. The allegations of the Complaint relate to proceedings involving Plaintiff's state criminal case and convictions.[2] To recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. Heck v. Humphrey, 512 U.S. 477 (1994). The United States Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the

---

[2]Plaintiff currently has a habeas action pending in this court collaterally challenging his state criminal convictions. See Singletary v. State of South Carolina, C/A No. 0:09-401-MBS-PJG (D.S.C.).

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87; see also Edwards v. Balisock, 520 U.S. 641 (1997) (extending the preclusive rule of Heck to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement. Until Plaintiff's imprisonment is established as unlawful, an action under 28 U.S.C. § 1983 based on the imprisonment will be barred by the holding in Heck. The Complaint should be dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 20, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).